# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DONELL THOMAS,

        Plaintiff,

v.                                                                                              No. CIV-06-0628 MV/RLP

NEW MEXICO STATE
ADULT PAROLE BOARD,

        Defendants.

## MEMORANDUM OPINION AND ORDER

        This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, Plaintiff's complaint will be dismissed.

        The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts a number of constitutional violations resulting from Plaintiff's state parole and revocation thereof. Plaintiff alleges that he had completed his sentence when he was placed on parole, and his parole was later revoked even though he had not violated its terms. He claims these actions violated his rights under the Fifth, Eighth, and Ninth Amendments, as well as federal contractual rights. Plaintiff also contends that he was required to perform prison labor even though he was not convicted, in violation of the Thirteenth Amendment. For relief, he seeks damages and release from confinement.

To the extent Plaintiff seeks release from confinement, he must bring his claims under the habeas corpus statutes. First, Plaintiff appears to challenge the original imposition of parole, on grounds that he had served his entire sentence. This claim goes directly to his sentence and must be exhausted in the state courts. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (requiring exhaustion of habeas claims under both § 2241 and § 2254). Furthermore, "[t]o challenge a constitutional defect in an individual parole hearing, where the remedy lies in providing a new parole hearing, a prisoner must file a habeas petition." *Herrera v. Harkins*, 949 F.2d 1096, 1097 (10th Cir. 1991); *and see Wildermuth v. Furlong*, 147 F.3d 1234, 1235 n.1 (10th Cir. 1998) (allowing unexhausted habeas corpus claims for illegal parole revocation). These claims will be dismissed without prejudice.

Plaintiff's claims for damages are barred under the rule in *Heck v. Humphrey*, 512 U.S. 477

(1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. "[*Heck*] applies to proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). The complaint does not allege that Plaintiff's conviction or parole revocation has been set aside, *see id*. at 486-87, and thus his allegations of illegal parole and confinement fail to state claims cognizable under § 1983. *See Webber v. Weaver*, No. 00-6093, 2001 WL 237344, at \*2 (10th Cir. Mar. 9, 2001); *but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action).

Plaintiff's Thirteenth Amendment claim is based on the allegation that he was forced to perform prison labor even though he was not convicted of a crime. Here again, he does not allege that his conviction or parole revocation had been set aside at the time of his imprisonment, only that his parole was illegally revoked. His allegations, therefore, do not implicate constitutional protections against involuntary servitude. *See United States v. Reynolds*, 235 U.S. 133, 149 (1914); *Davis v. Hudson*, No. 00-6115, 2000 WL 1089510, at \*\*3 (10th Cir. Aug. 4, 2000) ("By its express language, the Thirteenth Amendment's prohibition of slavery does not apply to the imprisonment of a person lawfully convicted of a crime."). This claim will be dismissed with prejudice.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff shall be required to make monthly payments of twenty per cent (20%) of the preceding month's income credited to Plaintiff's account or show cause why he has no assets and no means by which to pay the designated filing fee. The Clerk shall provide

Plaintiff with two copies of the post-filing financial certificate, and Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order;

IT IS FINALLY ORDERED that Plaintiff's Thirteenth Amendment claim is DISMISSED with prejudice; otherwise the complaint is DISMISSED without prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE